17509

Joseph STRICKLAND, Respondent, v. W. B. RABON and One Ford Truck Bearing 1958 S. C. License No. N-40302 and One Trailer Bearing 1958 S. C. License No. 8-115, Appellants.

(107 S. E. (2d) 344)

*Messrs. Hagood, Rivers & Young,* of Charleston, and *Burroughs & Green,* of Conway, *for Appellants,* 

*W. W. Vaught, Esq.,* of Loris, *for Respondent,* 

February 26, 1959.

Moss, Justice.

The respondent, Joseph Strickland, instituted this tort action against one W. B. Rabon and a Ford truck and trailer, the appellants herein, to recover damages for personal injuries received on February 18, 1958, it being alleged that such injuries to the respondent were proximately caused by the negligence, carelessness, willfullness and wantonness on the part of the appellant Rabon, in the operation of his Ford truck and trailer. The appellants failed to plead to the complaint within the twenty-day period prescribed by Section 10-641 of the 1952 Code of Laws of South Carolina. They were adjudged in default and the case was tried before the Civil Court of Horry County, South Carolina on June 17, 1958, and a judgment was rendered in favor of the re-

spondent. The appellants, on June 19, 1958, attempted to serve an answer to the complaint. The attorney for the respondent refused to accept service of the said proffered answer on the ground that the appellants were in default, not having served their answer within the twenty-day period after service of the summons and complaint. On July 9, 1958, the appellants served notice on the attorney for the respondent of a motion to vacate the judgment on the ground that the judgment had been obtained due to mistake, inadvertence, surprise and excusable neglect on the part of counsel for the appellants, the notice alleging that the appellants have a meritorious defense to said action. This motion was argued before the Honorable Claude M. Epps, Judge of the Civil Court of Horry County, South Carolina, and on August 21, 1958, an order was filed refusing the motion. Timely notice of intention to appeal to this Court was given. The exceptions raise the question of whether or not the trial Judge erred and abused his discretion in refusing to set aside the default judgment and allow the appellants to answer because they have a meritorious defense, and the default judgment was obtained due to mistake, inadvertence, surprise and excusable neglect of counsel for the insurance carrier of the appellants.

The appellants make their motion to vacate and set aside the default judgment under Section 10-1213 of the 1952 Code of Laws of South Carolina, which provides as follows:

"The court may, in its discretion and upon such terms as may be just, at any time within one year after notice thereof relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. * * *"

We have repeatedly held that a motion to vacate or set aside a default judgment under the above section of the Code is addressed to the sound discretion of the Judge who hears it, and that his conclusion will not be disturbed by this Court in the absence of a clear showing

of abuse of discretion. *Marthers v. Hurst,* 226 S. C. 621, 86 S. E. (2d) 581; *Royal-Liverpool Insurance Group v. McCarthy,* 229 S. C. 72, 91 S. E. (2d) 881; *Ward v. Miller,* 230 S. C. 288, 95 S. E. (2d) 482; *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391; *Williams v. Ray,* 232 S. C. 373, 102 S. E. (2d) 368; and *Grant v. Grant,* 233 S. C. 433, 105 S. E. (2d) 523.

In the case of *Simon v. Flowers, supra* [231 S. C. 545, 99 S. E. (2d) 393], we said:

"Discretionary power under this section is vested in the trial, not the appellate, court. In an appeal from such an order of the circuit court it is not our function, nor is it within our power, to substitute our judgment for that of the circuit judge simply because we might have reached a different conclusion had we been in his place. *Bishop v. Jacobs,* 108 S. C. 49, 93 S. E. 243; *Morgan v. State Farm Mutual Insurance Co.,* 229 S. C. 44, 91 S. E. (2d) 723. Our appellate jurisdiction in law cases is limited, by the express language of Article V, Section 4 of the Constitution of 1895, to the correction of errors at law'."

The summons and complaint in this action were served on the appellants on May 22, 1958. It was the duty of the appellants here, who were the defendants below, to serve their answer within twenty days after service of the summons and complaint. Section 10-641 of the 1952 Code. After the service of the summons and complaint it was taken to the office of Dawes & Dawes, the personal attorneys of the appellants, some time between the day of service and May 30, 1958. On said May 30, 1958, Dawes & Dawes addressed a letter to counsel for the respondent, stating: 'We represent the defendant, Wayland B. Rabon and respectfully request an extension of 20 days from this date in order that we may have adequate time to investigate Mr. Rabon's position in this matter." The foregoing letter was received by counsel for the respondent on June 2, 1958, and on the same day, by letter, he refused to grant an extension of time to counsel for the appellants. It appears that a copy of the letter

of Dawes & Dawes requesting the extension of time was sent to Hagood, Rivers & Young, attorneys for Reserve Insurance Company, because this insurance company had issued a policy to W. B. Rabon, even though in this case there was some question as to whether such policy covered the vehicle of the appellant. When counsel for the respondent replied, by letter, to Dawes & Dawes, he did not send a copy of his refusal to extend time to counsel for the insurance company.

It appears from the affidavit of Joseph R. Young, a member of the firm of Hagood, Rivers & Young, the attorneys for the insurance carrier of the appellant Rabon, that the first knowledge that he had of this pending action was on May 30, 1958, when an adjuster, employed by the insurance company, called him by long distance telephone while he was in the office of the attorney for the respondent. He further states that his firm received a file in this case on June 2, 1958 and that he knew the appellants had been served on May 22, 1958. He further says that he was aware of the fact that the answer was due and that he was engaged in hearings and that he saw that an extension of twenty days, beyond May 30, 1958, had been requested by Dawes & Dawes, and since he had not been notified by this firm or by counsel for the respondent that the extension had been refused, he believed that such had been granted. He further states that he prepared an answer and forwarded the same, on June 13, 1958, to Dawes & Dawes, and requested that they have their client, W. B. Rabon to verify same. The verification was duly made by W. B. Rabon on June 16, 1958 and tendered to counsel for the respondent on June 19, 1958, and service thereof was declined because of the default of appellants. He further says "that deponent had relied on the usual custom of granting an extension of time unless notifying the attorneys of its refusal, and believed that he had tendered the Answer setting forth a meritorious defense prior to expiration of the twenty-day extension."

It appears by affidavit of one Cecil L. Horne that he was an agent for Reserve Insurance Company and that he took an application for liability insurance from W. B. Rabon and forwarded the same to the General Agent in Columbia, South Carolina, where a policy was issued and sent to the deponent and delivered by him to Rabon. He further avers that after Rabon was involved in an accident on February 18, 1958, while operating a Ford truck and trailer, that the adjuster for Reserve Insurance Company pointed out that the policy indicated a one-half ton truck instead of a two ton truck which was involved in the accident. He further avers that Reserve Insurance Company cancelled Rabon's policy and refunded the unearned premium, and subsequently cancelled all insurance policies that had been sold by the deponent and all outstanding policies in the Horry County area.

W. W. Vaught, attorney for the respondent, by his affidavit, asserts that he was employed to represent the respondent in his claim against the appellants for damages for injuries sustained. He says that as a result of this employment he contacted the adjuster for the appellants' insurance carrier and was advised that the insurance company was denying coverage because the policy described a one-half ton truck instead of a two ton truck. He says that after he brought suit and had the summons and complaint served on the appellants on May 22, 1958, that Dawes & Dawes, on June 2, 1958, requested an extension of time. He says that he refused such extension because he felt that Dawes & Dawes had ample time to submit an answer before the expiration of the twenty days permitted by statute. He further says that he was afraid that the rights of his client would be jeopardized by granting such an extension because the insurance company had ceased writing insurance in this State and had cancelled all policies in the Horry County area; and that his suspicions were corroborated by the statement of Joseph R. Young of counsel for the insurance company, who told him "that he believed that the company was about to go into receivership and that he doubted that any

judgment would be any good as far as the company was concerned for that reason." The deponent further says that on May 30, 1958, while the adjuster of the insurance company was in his office, that he talked by telephone to Joseph R. Young and advised him of this suit and that the summons and complaint had been served; and that Joseph R. Young did not then or at any other time ask him for an extension of time within which to answer.

The record shows that on June 5, 1958, counsel for the insurance company, by letter, notified W. B. Rabon that it would continue to handle this case "under a complete reservation of rights to deny at any time coverage and not waiving our rights at any time to deny coverage and to refuse to pay any verdict or judgment rendered against you, due to the fact that the truck was insured as a pick-up truck and not as a tractor-trailer unit, and this company did not have any insurance on the trailer which was being towed behind the tractor." It further appears that on June 13, 1958, when counsel for the insurance company forwarded an answer to Dawes & Dawes and requested them to have it verified and served upon counsel for the respondent, they were also advised that the insurance company was "not waiving any of our rights under the policy, but are furnishing our insured with a defense under a reservation of rights."

The affidavit of C. F. Dawes, of the firm of Dawes & Dawes, shows that Rabon brought the summons and complaint in this action to him some time prior to May 30, 1958, and at that time Rabon advised him that the Reserve Insurance Company was not going to take care of the matter as specified in the insurance contract. The affiant avers that an adjuster by the name of Coleman came to his office on May 30, 1958, and requested that his firm obtain from Rabon a waiver of certain portions of the insurance policy. He further says that this adjuster stated that his investigation shows that Rabon was at fault in the collision and that he had so advised the insurance company, but that the company "was denying coverage due to some technicality". The affi-

ant says that the adjuster was advised that Rabon was entitled to each and every benefit contained in the policy or that he was entitled to nothing, and refused to give him the requested waiver. This affiant also says that while the adjuster was in his office he handed him a copy of the summons and complaint in the case of *Murrell Stanley v. W. B. Rabon,* this being a companion case to the present one. He says that after the adjuster left his office he dictated a letter to Hagood, Rivers & Young, with respect to the policy and also enclosed to them a copy of a request to W. W. Vaught, attorney for the respondent in this case, and to J. R. Long, attorney for the plaintiff in the *Stanley case,* requesting an extension of time within which to investigate the case. He says that the request made of counsel for the respondent and of J. Reuben Long was promptly refused. This affiant confirms the fact that Joseph R. Young sent to him a proposed answer in this case and that he had the same verified by Rabon and attempted to serve this answer upon counsel for the respondent, who refused to accept service on the ground that the appellants were in default and judgment had already been obtained. This affiant says that on June 20th, 1958, he returned the proposed answer to Hagood, Rivers & Young and advised them of the judgment. He further states that on June 26, 1958, Joseph R. Young came to his office to discuss the case and stated that it was his intention to go into Federal Court and obtain a declaratory judgment upon the policy. It is further stated in the affidavit that Joseph R. Young returned to the office of the affiant on June 27, 1958, after having talked with counsel for the respondent, and that the said Joseph R. Young stated "that Mr. Vaught would not consent to reopen the matter and if that was the day he wanted to play he would take the matter to the Supreme Court, if necessary, and give the Company time to go broke." This affiant further states that in company with Joseph R. Young he went to the home of Rabon and obtained a verification of the answer in the *Stanley case.*

We have recited generally what the affidavits, correspondence and the record show with reference to the failure of the appellants to answer. It stands uncontradicted in the record that the answer was not filed within the statutory time. There can be no doubt that counsel for the respondent refused to extend the time to counsel for the appellants for the purpose of filing an answer. The default in the case was due to the failure of the appellants to conform with the statute. We should point out that this case must be considered solely from the standpoint of the parties to the action. We further point out that the liability carrier of the appellants is not a party to this action and the representation of it must, of necessity, be through the appellants.

In the case of *Johnson v. Finger,* 102 S. C. 354, 86 S. E. 673, this Court pointed out that the time for answering is fixed by statute, and it can be extended only by consent, or by order, obtained in the manner prescribed by the statute and rules of Court. It is apparent on the face of the record that extension of time for answering was not and could not be obtained by consent. If the appellants, after not being able to obtain an extension of time by consent, desired an extension, they should have obtained such from the court in the manner prescribed by statute and rules of court. In this connection see Circuit Court Rule 19 and Section 10-609 of the 1952 Code of Laws of South Carolina.

It has been held that the failure of a party's attorney to answer within the time required by law, where such default was due to the occupancy of counsel with other professional or business matters, or a misapprehension as to the date of the expiration of time prescribed for pleading, was not sufficient ground for opening or vacating the judgment resulting therefrom. 30 A. Am. Jur., Judgments, Section 675, at page 643. There is cited in support of this proposition the case of *Continental Gin Company v. Arnold,* 66 Okl. 132, 167 P. 613, L. R. A. 1918B, 511.

In the case of *Simon v. Flowers, supra,* Mr. Justice Legge quoted from the case of *Butler v. Morse,* 66 N. H. 429, 23 A. 90, the following:

"The only accident or mistake relied upon for vacating the decree and judgment of foreclosure is the neglect of the petitioner's counsel in that suit to file an answer setting up the defense of partial failure of consideration in the mortgage debt. Whether the failure to do this occasioned any injustice to the petitioner it is unnecessary to determine, because the neglect of the attorney must be regarded as the neglect of the petitioner himself. * * * When a party selects an attorney of the court to conduct his cause in his stead and place, he confers upon the attorney authority to take such action in its prosecution or defense as he may decide to be legal, proper and necessary in the management of the cause; his acts are, in the absence of fraud, the acts of his client; and the rule that a party cannot in equity find relief from the consequences of his own negligence is equally applicable where the neglect is that of his attorney employed in the management of the case." [231 S. C. 545, 99 S. E. (2d) 394.]

The trial Judge did not undertake to determine whether blame for the default should rest upon defendant's personal counsel or upon counsel for defendant's insurance carrier, or upon both; and we likewise make no determination as to that. It is sufficient to say that in our opinion the record reveals no excusable neglect that would justify reopening the default judgment.

The exceptions are overruled and the order appealed from is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.