## 18772

Ethel BROWN, Appellant, v. Carrie G. WEATHERS and Ned Weathers, d/b/a Fountain Bleau Club, Respondents

(160 S. E. (2d) 133)

*Messrs. Jenkins, Perry & Pride,* and *Thomas D. Broad-water, Of Counsel,* of Columbia, *for Appellant,*

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Respondents,*

March 12, 1968.

BUSSEY, Justice:

This appeal is from an order of the Richland County Court granting a motion made pursuant to Sec. 10-1213 of the 1962 Code of Laws, and vacating a default judgment in favor of plaintiff-appellant. Although plaintiff-appellant's exceptions are several in number and she states several questions as being raised thereby, we deem that actually there is only one question before the court, which is simply: Was there an abuse of discretion, amounting to error of law, on the part of the lower court in vacating the judgment? All of our decisions are to the effect that a motion to vacate a judgment made under the mentioned Code

Section is within the sound discretion of the judge, and that his ruling thereabout will not be disturbed on appeal unless appellant clearly shows an abuse of discretion amounting to error of law. Such reversible error exists where (1) the judge issuing the order was controlled by some error of law; or (2) where the order, based upon factual, as distinguished from legal, conclusions is without evidentiary support. *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391; *Holliday v. Holliday,* 235 S. C. 246, 111 S. E. (2d) 205.

The matter was heard upon affidavits and a stipulation of facts entered into by the parties, there being virtually no dispute as to the facts. The defendants operated a club known as "Fountain Bleau Club" in or near the City of Columbia, and in this action plaintiff seeks to recover damages allegedly sustained as the result of her falling down a stairway while a guest in said club. At the time of the alleged incident and injury defendants had liability coverage with Great Central Insurance Company, the home office of which is in Peoria, Illinois. The insurer had no regular counsel in South Carolina, but did have an adjuster and agents in the Columbia area.

Plaintiff sought to commence the action on July 18, 1967 by serving a summons, but no complaint, on the defendants, the summons which was served omitting date and signature, being as follows:

"COPY SUMMONS FOR RELIEF
"(Complaint Served)
"(Complaint not Served)

"To the Defendants above named:

"You are hereby summoned and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said Complaint on the subscribed at his office 1125 Washington Street, Columbia, South Carolina, within twenty days after the service hereof: exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid the

plaintiff in this action will apply to the Court for the relief demanded in the Complaint."

It is obvious that the summons did not comply with Sec. 10-633 of the Code, which, *inter alia,* provides:

"But if a copy of the complaint be not so served the summons must state where the complaint is or will be filed, * * *."

The lower court did not pass upon the legal effect of plaintiff's failure to comply with the statute, and, hence, we do not reach that question. The failure of the summons to comply with the statute is pointed out and considered only insofar as it tended to mislead the defendants and/or their representatives.

One of the defendants first showed such summons to an agent of the insurer who had come to collect a premium on July 24th. The affidavit of this agent is to the effect that he was confused by the summons since no complaint was served therewith. The adjuster, with whom this agent wanted to discuss the matter, was away on vacation, and he undertook to take the matter up with a Mr. Brown, Regional Manager for the insurer in South Carolina, but was unable to contact him until August 2nd. On that date, on the advice of Mr. Brown, the defendant Carrie Weathers sent the summons to the home office of the insurer in Peoria, Illinois, by airmail, but it was not received in that office until August 7th, where it received the prompt attention of a Mr. Gregory in the Claims Department, who had supervision over all claims arising in South Carolina. It should be possibly noted at this point that August 7th was the twentieth day following the service of the summons, exclusive of the date of service. Mr. Gregory examined the summons, and, in view of its content, coupled with the fact that no complaint had been served, was under the impression and honestly believed that there was no duty to answer the complaint until such was served, or to do anything else about the summons until the complaint was served in accordance with the summons. Acting under this impression and belief, Mr. Gregory, on August 7th, selected

counsel in Columbia and promptly that day wrote counsel enclosing the summons for attention.

Counsel in Columbia received the letter and summons on August 10th, 1967, and endeavored to contact counsel for plaintiff on that same date, but were not able to contact him until August 11th, when it was ascertained that plaintiff had, on August 9th, entered a default judgment. Counsel for plaintiff had explained to him the situation, which resulted in the summons not being responded to within twenty days, and was requested to agree to reopen the case and permit the defendants to answer, but declined. The motion to vacate was promptly served.

The only other factual matter which is necessary to mention is simply that the stipulation of facts clearly shows that, contrary to the contention of plaintiff's counsel, defendants have fully and abundantly shown a meritorious defense.

We think there is no showing that the judge was controlled, in his decision, by any error of law or that any factual conclusion of his was without evidentiary support. As has been pointed out in a number of prior decisions, no hard and fast rule can be laid down for the exercise of judicial discretion in granting or refusing relief from a default, and, therefore, each case must be considered in the light of its own attendant circumstances. It is settled, however, as recognized by the judge in the instant case, that such discretion should be exercised "* * * in the same liberal spirit in which the Code section was designed,—in furtherance of justice in order that cases may be tried and disposed of upon their merits." *Gaskins v. California Ins. Co.,* 195 S. C. 376, 11 S. E. (2d) 436; *Savage v. Cannon,* 204 S. C. 473, 30 S. E. (2d) 70.

While the defendants in the instant case were not as diligent as they might or should have been, there was no appreciable delay beyond the twenty day period in responding to plaintiff's summons, and relief from default was promptly moved for. Error on the part of plaintiff's

counsel in serving a summons which did not comply with the statute was obviously a factor contributing to the default. Under all of the circumstances reflected by the record, we conclude that the lower court here wisely exercised its discretion in granting relief.

Affirmed.

Moss, C. J. and Lewis, Brailsford and Littlejohn, JJ., concur.