## 18954

James R. ROCHESTER, Respondent, v. HOLIDAY MAGIC, INC., Appellant.

(169 S. E. (2d) 387)

*O. G. Calhoun, Esq.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant,*

*Calhoun H. Turner, Esq.,* of Greenville, *for Respondent,*

August 20, 1969.

LITTLEJOHN, Justice.

The defendant appeals to this court from an order of the circuit judge refusing to vacate a default judgment in favor of the plaintiff, in the amount of $250,000, pursuant to Section 10-1213 of the 1962 Code. That code section permits the trial court to relieve a party from a judgment taken through "mistake, inadvertence, surprise or excusable neglect * * *."

The plaintiff is a distributor in South Carolina of cosmetics sold by the defendant, a California corporation not domesticated in this state. The disputes involved in this proceeding grew out of a contractural relationship between the parties.. Under the contract plaintiff contends he was due $2,500 from defendant.

The plaintiff commenced this action by serving a summons without a complaint on W. P. Patrick, defendant's chairman of the board of directors, in Columbia, South Carolina, on February 20, 1967. Such commencement of an action is permitted under our code, Section 10-663, which provides that such a summons "must state where the complaint is or will be filed, and if the defendant, within twenty days thereafter, causes notice of appearance to be given and, in person or by attorney, demands in writing a copy of the complaint, specifying the place within the State where it may be served, a copy thereof must within twenty days thereafter be served accordingly." The summons, which was signed by counsel for the plaintiff, was on a printed form as follows:

"SUMMONS AND NOTICE
(COMPLAINT NOT SERVED)

"To the Defendant(s) above named:

"You are hereby summoned and required to answer the Complaint in this action a copy of which is herewith served upon you (which was filed or will be filed in the Office of the Clerk of this Court on the ———— day of — 19—.) and

to serve a copy of your answer to the Complaint upon the subscriber at Suite 2000, Lawyers Building, Greenville, South Carolina within twenty days after the service hereof, exclusive of the day of such service. If you fail to answer the Complaint within that time, the plaintiff(s) will apply to the court for the relief demanded in the Complaint."

The words "or will be filed" were slashed in and added with a typewriter. The words "Suite 2000, Lawyers Building, Greenville," were added with a typewriter, and filled in the space left for the address. The words "(COMPLAINT NOT SERVED)" were also added with a typewriter.

Upon his return to California Mr. Patrick delivered the instrument served upon him to the company's general counsel, Mrs. vonBeroldingen. On March 9, 1967 (within the twenty-day period), she called Mr. Charles Clement, an attorney of Raleigh, North Carolina, who was at the time attending to other legal business for the defendant. On the same day Mr. Clement wrote a letter to the clerk of court in which the action was brought, with copies to plaintiff's attorney in Greenville and to defendant's general counsel in Cailfornia, as follows:

"RE: *James R. Rochester v. Holiday Magic, Inc.*

"Dear Sir:

"The General Counsel of Holiday Magic, Inc. has requested that I write to you concerning the above matter. It is my understanding that Mr. William Patrick, President of Holiday Magic, Inc., was served with a summons without the complaint on February 20, 1967, in Columbia, South Carolina.

"The summons orders the defendant to file answer within twenty days; but as I have stated, there is no complaint from which the answer may be framed.

"Please advise as to your procedure in this regard. I am, by copy of this letter to the plaintiff's attorney, requesting

that he withhold further action on this case until he hears from me.

Very truly yours,

CHARLES E. CLEMENT

"CEC:mc
cc: Mr. Calhoun H. Turner
Mrs. Dorothy VonBeroldingen"

The clerk and plaintiff's attorney received the letter but did not respond. No papers whatsoever incident to this action were filed in the office of the clerk until June 30, 1967. Accordingly there was no file in which to place the letter and the clerk has since mislaid it. Plaintiff's attorney did not receive further communication from Mr. Clement or any person acting on behalf of the defendant until after judgment had been entered.

On June 30, 1967, the attorney for the plaintiff presented an affidavit of default, dated March 20, 1967, and filed the summons and complaint in which he alleged causes of action for (1) conversion, (2) breach of contract accompained by fraudulent act, and (3) libel and slander. The affidavit was in usual form. No mention of the Clement letter was made.

On June 30, 1967, the judge proceeded to hear the evidence without a jury. On March 25, 1968, about eight months later, he executed his order of judgment and filed the same on the following day. He found in the action for conversion, $2,500 actual damages; in the action for breach of contract accompanied by a fraudulent act, $97,000 actual damages plus $100,000 punitive damages; and, in the action for libel and slander, $10,000 actual damages and $40,000 punitive damages, making a total of $250,000 as prayed in the complaint.

By letter dated March 27, 1968, the plaintiff's attorney advised the defendant's chairman of the board of the judgment. Mrs. vonBeroldingen contacted Attorney Clement in Raleigh, who then obtained pertinent information and referred the matter to South Carolina counsel now of record

on April 5, 1968. The motion to vacate under Section 10-1213 was served April 16, 1968, and heard by the judge on May 3, 1968. His order overruling the motion and reaffirming the judgment was filed January 10, 1969, and presents the issues now for determination by this court.

Although the exceptions of the defendant are eight in number, and five questions are suggested in its brief, we think this court needs to consider only one basic issue: Was there an abuse of discretion amounting to error of law on the part of the lower court in refusing to relieve the defendant of the judgment and permit it to answer in keeping with the motion? The motion is addressed to the sound discretion of the judge and his ruling will not be disturbed absent a clear showing by the defendant of an abuse of discretion. This court has held that abuse of discretion arises in cases in which:

"(1) the judge issuing the order was controlled by some error of law; or (2) where the order, based upon factual, as distinguished from legal, conclusions is without evidentiary support. *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391; *Holliday v. Holliday,* 235 S. C. 246, 111 S. E. (2d) 205." *Brown v. Weathers,* 251 S. C. 67, 70, 160 S. E. (2d) 133, 134 (1968).

We have held that Section 10-1213 should be liberally construed to see that justice is promoted and to strive for disposition of cases on their merits. *Gaskins v. California Ins. Co.,* 195 S. C. 376, 11 S. E. (2d) (2d) 439 (1940).

In determining whether there has been an abuse of discretion all of the facts and circumstances must be evaluated. If the requirements to vacate a judgment are met the judgment should be opened and the defendant permitted to answer. In order to vacate a judgment there must be a showing (1) that the judgment was taken against the defendant through his mistake, inadvertence, surprise or excusable neglect, and (2) that there is a showing of a

*prima facie* meritorious defense. *Gaskins v. California Ins. Co., supra.*

This court recently, in *Weathers v. Brown,* 251 S. C. 67, 160 S. E. (2d) 133 (1968), affirmed the lower court in vacating a default judgment where the summons was sufficiently irregular to confuse the defendant. The summons in that case indicated both that the complaint was served and that it was not served. It further failed to advise the defendant where the complaint would be filed.

In this case the summons has a similar tendency to confuse. It first indicates "(Complaint not Served)." It then requires the defendant to answer the complaint "of which a copy is herewith served upon you." It further says of the complaint "(which was filed or will be filed in the office of the Clerk of this Court on the .... day of ...., 19 ...)." A part of the summons requires a legal and factual impossibility, to wit, answer a complaint which was "herewith served upon you."

The issue is presented to us in this case in a different fashion from that in the *Weathers* case. The question there was: Did the judge abuse his discretion in granting the relief; whereas in this case the question is: Did the judge abuse his discretion by failing to grant the relief. Under all of the facts in the case we are of the opinion that there was an abuse of discretion and that the trial judge here should have reached the same conclusion as did the trial judge in the *Weathers* case.

The purpose of a summons is to inform the defendant. When an action is commenced by the use of a summons only, it should be in keeping with the statute (Section 10-633) and should not contain inconsistent assertions likely to confuse or mislead lay people upon whom summons would normally be served. We do not hold that either Mrs. vonBeroldingen or Mr. Clement fully discharged their duties in the handling of this matter. It is unfortunate that the letter written to the clerk, which for all intents and

purposes is actually written to the judge, was mislaid and did not come to his attention until the motion to vacate was filed. We need not here determine the legal effect of this letter nor decide what the trial judge should have done had it come to his attention. It is sufficient to say that it was one of the relevant circumstances to influence the judge's discretion.

Obviously counsel for the defendant should have employed South Carolina counsel immediately upon receipt of the summons. The lack of knowledge on the part of Mrs. vonBeroldingen and Mr. Clement as to South Carolina procedure did not justify their failure to further pursue the matter. Technically the letter from Mr. Clement to the clerk with a copy to plaintiff's counsel did not constitute a demand for service of a complaint as contemplated by our code. But we think that the letter from a representative of the defendant, and failure of the clerk and of counsel to respond to Mr. Clement, and failure to advise the judge of the letter should weigh heavily on the question of whether a discretion should be exercised in favor of vacating the judgment and permitting the defendant to answer and to try the issues on the merits.

In argument counsel for the plaintiff admits that a *prima facie* showing of a meritorious defense has been made. Defendant shall have twenty days from notice of the filing of the remittitur in which to answer.

Reversed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.