## 19613

E. R. McINERNY, Jr., Respondent, v. W. G. TOLER, Appellant.

(196 S. E. (2d) 122.)

---

384

*Messrs. Baker & Miller* and *W. Turner Logan,* of Charleston, *for Appellant,*

*Messrs. Sinkler, Gibbs, Simons & Guerard,* of Charleston, *for Respondent,*

April 17, 1973.

Moss, Chief Justice.

E. R. McInerny, Jr., the respondent herein, instituted this action against W. G. Toler, the appellant herein, to cancel a lease entered into by the parties as landlord and tenant, and for damages for the alleged breaches of the conditions of said lease. The summons and complaint were served on the appellant, on April 28, 1971, and he did not

answer the complaint within the twenty day period prescribed by Section 10-641 of the Code.

It appears that on May 21, 1971, counsel for the respondent filed his affidavit averring that the appellant had failed to file an answer in said cause. Based thereon, the Honorable Theodore D. Stoney, Judge of the Charleston County Court, issued his order, under date of May 25, 1971, adjudging the appellant to be in default and directing the clerk to place the case on the Default Calendar. Thereafter, the respondent appeared in Open Court and presented evidence and testimony to substantiate the allegations of his complaint. The trial judge entered his order, on July 19, 1971, cancelling the lease and declaring the same of no further force and effect, transferring the title to the improvements on the premises to the appellant, and awarding judgment to the respondent in the sum of $7,004.00. This judgment was entered of record on August 18, 1971.

On September 9, 1971, the appellant served on counsel for the respondent, a Notice of a Motion to have the Order of Judgment set aside and the case reopened, pursuant to Section 10-1213 of the 1962 Code, on the grounds that the judgment was taken against him through his mistake, inadvertence, surprise, and excusable neglect and that he had a meritorious defense to said action. This motion was heard by the Honorable Theodore D. Stoney, Judge of the Charleston County Court, on September 28, 1971, and such was refused by an order dated March 24, 1972. This appeal followed.

The sole question for determination is whether there was an abuse of discretion amounting to an error of law on the part of the trial judge in refusing to relieve the appellant of the judgment against him, and to permit the filing of an answer. The appellant makes his motion to vacate and set aside the default judgment, under Section 10-1213 of the 1962 Code, which provides as follows:

"The court may, in its discretion and upon such terms as may be just, at any time within one year after notice

thereof relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. . . . "

It is well established that a motion to vacate or set aside a default judgment under the foregoing Section of the Code, is addressed to the sound discretion of the trial judge whose ruling will not be disturbed in the absence of a clear showing of abuse of discretion. It is equally well settled that it is incumbent upon the party seeking relief under this Section "to" show (1) that the judgement was taken against him "through his mistake, inadvertence, surprise or excusable neglect"; and (2) that he has a meritorious defense. *Williams v. Ray*, 232 S. C. 373, 102 S. E. (2d) 368. However, it is proper for the Court to try and determine the existence and sufficiency of the alleged grounds for opening or vacating the judgment, and if this question is decided adversely to the appellant, the second question becomes immaterial. *Pruitte v. Burns*, 212 S. C. 325, 47 S. E. (2d) 785.

The appellant, in his affidavit, admitted the proper service of the summons and complaint upon him on April 28, 1971; that he read the complaint and thought that the respondent was in error and had inadvertently brought this action against him, because he had assigned his interest in the lease to his children and had no further interest therein. The appellant did not consult counsel until some time in August of 1971, about four months after he has been served. The trial judge in refusing to vacate the judgment against the appellant, found that from the time the summons and complaint had been served upon him he had not sought advice from anyone, and further that, "He did nothing, and though he is a man of limited formal education, there is nothing in the record to indicate that he was deficient in knowledge or in intelligence. His actions, therefore, in failing to note the contents of the Summons

or the allegations against him in the Complaint, indicates neglect, but does not constitute excusable neglect."

We pointed out in *Brown v. Nix,* 208 S. C. 230, 37 S. E. (2d) 579, that when a man has a case in Court the best thing he can do is attend to it with the amount of attention a man of ordinary prudence usually gives to his important business. We quote again what was said in *Morgan v. State Farm Mutual Ins. Co.,* 229 S. C. 44, 91 S. E. (2d) 723, "Neglect is shown, but no excuse for it."

A consideration of the record in this case compels the conclusion that the appellant failed to meet the first requirement for relief because his own course of conduct negatives inadvertence, surprise and excusable neglect.

We find no abuse of discretion on the part of the lower Court in refusing the motion of the appellant.

The judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.