### 20134

Eudora JOLLEY, Appellant, v. Gene R. JOLLY, Respondent.
(220 S. E. (2d) 882)

*Franklin W. Allen, Esq.*, of Spartanburg, *for Appellant,* cites:

*Donald B. Wildman, Esq.,* of Spartanburg, *for Respondent,* cites:

*Franklin W. Allen, Esq.,* of Spartanburg, *for Appellant,* in Reply.

December 18, 1975.

*Per Curiam:*

This action was commenced by the plaintiff, a resident of Spartanburg County, South Carolina, against the defendant, a resident of Rutherfordton, North Carolina, on April 19, 1974. It is an action to recover $2,000.00, allegedly due because the defendant failed to complete a construction job under the terms of a contract. A summons, without a complaint, was served upon the defendant at his North Carolina

residence under our Long Arm Statute. The plaintiff signed a verified complaint on June 3, 1974, but same was not served upon the defendant; an affidavit of default was made November 26, 1974, and on November 27, 1974, a default judgment was entered by the Honorable Thomas J. DeZern, Judge of the Spartanburg County Court, presumably upon evidence presented.

Thereafter, the defendant was notified of the default judgment and employed counsel who petitioned the court, within one year, to vacate the default judgment under the terms of § 10-1213, Code of Laws of South Carolina for 1962. That Code section reads in part as follows:

"§ 10-1213.   Relief from mistake, etc.; amendments.— The court may, in its discretion and upon such terms as may be just, at any time within one year after notice thereof relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."

After hearing argument of counsel, Judge DeZern granted the motion, vacated the judgment and allowed the defendant twenty days in which to file responsive pleadings to the complaint. The plaintiff has appealed, setting forth four exceptions.

Counsel for the defendant asked the court to dismiss the appeal upon the ground that the exceptions do not comply with § 6 of Rule 4 of this Court, inasmuch as none of the four exceptions presents a "distinct principle or question of law" which the plaintiff claims to have been violated by the lower court. Although the exceptions might be more concise, we are of the opinion that they alert counsel for the defendant and this Court of the only real issue to be decided, which is:

Did Judge DeZern abuse his discretion in vacating the default judgment?

It should be noted that the Code section quoted hereinabove leaves the matter of whether or not the judgment should be vacated to the discretion of, not this Court, but the lower court. The case is a close one, and while this Court is not unanimous in its thinking, a majority of the Court is of the opinion that the lower court did not abuse its discretion and, accordingly, the order appealed from is affirmed. It is not sufficient to justify a reversal that we disagree. An abuse of discretion must be shown.

The showing made to the trial judge consisted of (1) affidavit of the defendant, and (2) letter of May 10, 1974, addressed to the defendant from Attorney J. S. Dockery of Rutherfordton. The affidavit reads, in part, as follows: .

"On April 19, 1974, at his home, deponent was served a Summons, Complaint Not Served, by Carl M. Edwards, Deputy Sheriff for the County of Rutherfordton, North Carolina. The Summons, Complaint Not Served, was dated March 22, 1974, and was signed by Franklin W. Allen, Attorney at Law, in Spartanburg, South Carolina. Deponent inquired of Deputy Edwards, a personal friend, as to the legal effect of this document. The deputy advised him that as he understood the paper, it was of no legal effect without some further notification as to the nature of the claim. Deputy Edwards further suggested that deponent see an attorney about the matter. The Affidavit of Service signed by Deputy Edwards was sworn to on May 6, 1974.

"Deponent then consulted J. S. Dockery, attorney at law in Rutherfordton, North Carolina, and presented Mr. Dockery with the Summons, Complaint Not Served, which he had received. Mr. Dockery advised that although he did not know the South Carolina Law on this matter, under North Carolina law, the instrument defendant had received was worthless and without compulsory legal effect. Mr. Dockery told deponent there was significance in the fact that the Summons was signed by an attorney rather than a judge, that

Mr. Franklin W. Allen was not listed in his Martindale-Hubbell as a Spartanburg attorney, and that absolutely no notice as to the nature of this action was presented to the defendant. He warned deponent to be careful to neither file any papers in the case nor go to South Carolina and thereby expose himself to possible personal service of a local Summons. He advised that any formal inquiry into the matter might be construed as a submission to the jurisdiction of the South Carolina Court. A suggestion that a reliable friend in Spartanburg might check the Court House to determine the basis of the claim was made, but such informal action would have proved fruitless, since no papers were filed in the Court House until November 26, 1974. A brief memorandum of parts of the conversation with Mr. Dockery is attached hereto.

"On the basis of this legal advice and his ignorance of Mrs. Jolley's claim, deponent viewed the Summons either as a trick to cause him to go to South Carolina and expose himself to personal service within the State, or as a formal proposal by an attorney in Spartanburg to set up a meeting between the plaintiff and deponent. He assumed that no law would allow a mere attorney in Spartanburg to demand the presence and participation of a working North Carolina resident in a lawsuit in Spartanburg, South Carolina, without giving any notification of the nature of the claim and causing the defendant to incur travel and legal expenses simply to determine whether or not a colorable claim had been made."

The plaintiff submitted nothing in response to the motion. Accordingly, the showing is undisputed.

Counsel for the appellant-plaintiff argues that the mistake is one of law and not one of fact, and accordingly that the trial judge erred in granting relief. On the other hand, counsel for the respondent-defendant submits that the case comes clearly within § 10-1213 and involves a question of fact.

There is oftentimes a delicate line between questions of law and of fact. The cases involving vacation of judgment are legion in this State. Many have granted relief, and many have denied relief. Much must be left to the trial judge's discretion, and that is particularly true in this case, where the same judge who heard the evidence and granted the judgment has made the determination that the same should be set aside.

Under our practices, actions may be commenced by the service of a summons (§ 10-401) without a complaint (§ 10-633), but the traditional summons used in this State, which is quoted in the cases of *Rochester v. Holiday Magic, Inc.*, 253 S. C. 147, 169 S. E. (2d) 387 (1969), and *Brown v. Weathers,* 251 S. C. 67, 160 S. E. (2d) 133 (1968), is a very poor vehicle for alerting a layman to what is involved. Under our practice, once jurisdiction is acquired by the service of a summons alone, no complaint need be served upon the defendant. It is sufficient if the summons advise the defendant where the complaint will be filed. Accordingly, when an action is commenced by the service of a summons only, resulting in a default judgment, the defendant usually does not know the nature of the claim until he is advised of the judgment.

It was incumbent upon the defendant to prove to the satisfaction of the trial judge (1) that the judgment was taken against him through his mistake, inadvertence, surprise, or excusable neglect, and (2) that he has a meritorious defense. The showing was convincing to the trial judge and we are not in a position to say that he abused his discretion in granting the relief and ordering a trial on the merits.

We recognize the fact that it is important that the statutes and the rules of court, which are designed to promote the speedy and orderly determination of causes, should be complied with. At the same time, it must not be forgotten that the purpose of the statutes is to aid the administration of

justice. A person who is willfully, or inexcusably, in default deserves no consideration from the court. The question of excusability normally involves a matter of faulty judgment. Oftentimes it is a matter of law; oftentimes it is a matter of fact; many times as here it is a combination of the two. From a review of the entire record, we cannot say that the lower court abused its discretion and, accordingly, the order of Judge DeZern is

Affirmed.

NESS, Justice (dissenting):

Disagreeing with the majority opinion, I dissent.

Eudora Jolley sued Gene Jolly and obtained a default judgment. The defendant's motion to vacate the judgment was granted and the plaintiff appeals.

The issue before us is whether the lower court abused its discretion in holding the defendant's failure to answer the summons within twenty days constituted excusable neglect. I conclude the lower court abused its discretion and would reverse its order.

In April, 1974, the defendant was personally served with a summons, complaint not served, at his residence in Rutherfordton, North Carolina. He promptly secured North Carolina counsel. Counsel informed defendant he was not familiar with the law of South Carolina, but in North Carolina the summons without service of a complaint would be meaningless. Further, he advised defendant not to file any papers or enter any appearance because either might result in a waiver of certain rights.

In November, 1974, default judgment was entered. When defendant was notified of the judgment, he refused payment, employed South Carolina counsel, and moved to vacate the judgment. In granting the motion, the lower court found the defendant had a meritorious defense and his failure to answer was the result of a mistake.

South Carolina Code Section 10-1213 authorizes a court, in its discretion, to vacate default judgments when the defendant has a meritorious defense and demonstrates the failure to timely answer was due to excusable neglect. The defendant sought to have the judgment vacated because he had received erroneous legal advice from a North Carolina attorney. Thus, he was asserting a mistake of law and not a mistake of fact as a basis for vacating the judgment. Ordinarily mistakes of law are not within the purview of the statute. *Savage v. Cannon*, 204 S. C. 473, 30 S. E. (2d) 70 (1943).

Under very limited circumstances, we have held Section 10-1213 may be applied to vacate default judgments occasioned by errors of law. When the defendant has used due diligence in employing counsel and counsel takes prompt steps to resist the complaint, but default is entered due to counsel's misunderstanding of procedure, we have permitted judgment to be vacated. *Savage v. Cannon,* supra; *Johnson v. Finger,* 102 S. C. 354, 86 S. E. 673 (1915). In these cases relief has been granted because default was due to *excusable fault* of the attorney. Lee v. Peek, 240 S. C. 203, 125 S. E. (2d) 353 (1962).

Every mistake of counsel is not excusable and the mere fact default was occasioned by erroneous advice of counsel ordinarily affords no basis for vacating the judgment. *Lee v. Peek,* supra. The inadvertence of counsel is imputed to the defendant. *Strickland v. Rabon,* 234 S. C. 218, 107 S. E. (2d) 344 (1959). "Neglect of the attorney is the neglect of the client, and that no mistake, inadvertence or neglect attributable to an attorney can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client. The acts and omissions of the attorney in such case are those of the client." *Simon v. Flowers,* 231 S. C. 545, 551, 99 S. E. (2d) 391, 394 (1957); *Lee v. Peek,* supra.

In discussing the failure of out of state counsel to answer due to ignorance of South Carolina procedure, this Court

has said: "Obviously counsel for the defendant should have employed South Carolina counsel immediately upon receipt of the summons. The lack of knowledge on the part of (out of state counsel) as to South Carolina procedure did not justify their failure to further pursue the matter." *Rochester v. Holiday Magic, Inc.,* 253 S. C. 147, 154, 169 S. E. (2d) 387, 390 (1969). We concluded the mistake of counsel was not excusable and reverse the trial court.

The trial court is invested with broad discretion in vacating judgments, however, in granting this motion it was controlled by an error of law. It did not find the neglect of the attorney was excusable; rather it concluded the defendant was excused due to his reliance on the attorney's advice. When the trial court's discretion is controlled by an error of law, this Court may review its decision. *Edwards v. Ferguson,* 254 S. C. 278, 175 S. E. (2d) 224 (1970); *Brown v. Weathers,* 251 S. C. 67, 160 S. E. (2d) 133 (1968).

A cogent argument may be advanced to open default judgments; controversies should be decided on their merits. This argument is particularly appealing if the defendant has relied on advice of counsel. When the plaintiff has process served and secures a judgment, his rights must be accorded just treatment. He has complied with the stautory requirements and is entitled to timely adjudication of his claim. The plaintiff's right to have the judgment upheld outweighs the right of the defendant, who unnecessarily delayed this action, to have his day in court.

I would reverse.

LEWIS, C. J., concurs.