## 20778

Gloria R. DeNAULT, Respondent, v. HOLLOWAY BUILDERS, INC., Appellant.

(248 S. E. (2d) 265)

*Charles W. Spence,* Greenville, *for appellant.*

*Younts, Spivey & Gross,* Greenville, *for respondent.*

October 11, 1978.

NESS, Justice:

This appeal is from an order refusing to vacate a default judgment. We affirm.

In 1974, appellant Holloway Builders constructed a swimming pool at the home of respondent DeNault. On January 9, 1978, appellant was served with a summons and complaint whereby respondent alleged that the pool was not constructed in a workman-like manner and that she had been forced to spend nearly $2,000 on repairs.

The last day to answer was January 29th, but that being a Sunday, an answer was permitted on January 30, 1978. On January 31, 1978, appellant served its answer and counterclaim upon respondent's attorney, but service was refused on the ground that it was not within twenty days.

A default judgment was granted on February 1, 1978, with a hearing set to ascertain damages. At that time, appellant made a motion to extend time for pleading or to vacate the judgment pursuant to Code Section 15-27-130 (1976). The trial judge denied appellant's motion upon the ground that appellant failed to make out a *prima facie* showing of mistake or excusable neglect. We concur.

It is clear under the case law interpreting Code Section 15-27-130 that appellant failed to establish mistake or excusable neglect. According to the affidavit of L. P. Holloway, president of appellant Holloway Builders, the alleged

excusable neglect arose because he received two complaints in the same week. The other complaint was served on January 13, 1978, and Mr. Holloway claimed to have been under the mistaken assumption that both complaints were served on the same day.

This mistaken assumption on the part of the president of appellant is insufficient to justify the re-opening of a default judgment. Here, as in *McInerny v. Toler*, 260 S. C. 382, 196 S. E. (2d) 122 (1973), service of the summons and complaint was proper, but due to the confusion of the defendant, a timely answer was not made. In such situations, neglect is present but not excusable neglect entitling a party to relief from a default judgment. As stated in *Jolley v. Jolly*, 265 S. C. 594, 220 S. E. (2d) 882 (1975) : "A person who is willfully, or inexcusably, in default deserves no consideration from the court." 265 S. C. at 600, 220 S. E. (2d) at 885.

We conclude the trial court correctly determined that appellant failed to make a *prima facie* showing of mistake or excusable neglect.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.