## 20782

THERMAL INSULATION COMPANY, INC., Appellant, v. TOWN & CAMPUS, INC., Respondent.

(248 S. E. (2d) 310)

*Randolph W. Hunter,* Greenville, *for appellant.*

*Paul R. Hibbard,* Spartanburg, *for respondent.*

October 16, 1978.

RHODES, Justice:

This appeal is from an order granting leave to answer after the expiration of more than 20 days from the service of the complaint. Plaintiff-appellant asserts that the order appealed from is without evidentiary support and that it, therefore, constituted an abuse of discretion. We agree and reverse.

The motion of defendant-respondent to be granted leave to answer was made pursuant to S. C. Code § 15-13-90 (1976) which reads as follows:

The Court may, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this Code or by an order enlarge such time.

It is firmly established that a showing of excusable neglect is a condition precedent to relief under this code section, *Lee v. Peek,* 240 S. C. 203, 125 S. E. (2d) 353 (1962) ; *Hedgepath v. S. C. State Highway Department,* 263 S. C. 98, 207 S. E. (2d) 820 (1974). The sole issue involved in this

appeal is whether the respondent has presented sufficient evidence of excusable neglect to warrant the relief accorded it by the trial court.

The present action was instituted in Berkeley County on June 3, 1977, by the service of summons and complaint on the respondent. In its complaint the appellant sought the reasonable value of work and materials allegedly furnished by it in the construction of an apartment complex owned by respondent. No response of any nature was made to the suit papers until August 3, 1977, at which time the attorney for the respondent requested permission of appellant's counsel to file a late answer, which was denied.

In support of its contention of excusable neglect, the respondent submitted the affidavits of two of its employees, each of which contained essentially the same information. These affidavits are to the following effect: that the affiants are employees of two corporations, Town and Campus Apartments, Inc., the respondent, and Nomen Consulting Company, Inc.; that the said Nomen Consulting Company, Inc. recently constructed an apartment project in Spartanburg and Town and Campus Apartments, Inc. has recently constructed a similar project in Berkeley County; that a suit was entered by appellant against the Nomen Corporation concerning the Spartanburg project and, almost simultaneously therewith, the present suit was entered by the appellant against Town and Campus Apartments, Inc., relative to the Berkeley project; that while the suit papers involving the Spartanburg project were promptly delivered to a Spartanburg attorney for responsive action, the affiants were under the mistaken impression that the Berkeley suit papers had also been delivered to the same attorney; that it was not until August 3, 1977, that they discovered the papers had not been delivered to or brought to the notice of their attorney.

We address ourselves to a determination of whether there was an abuse of discretion amounting to an error of law on

the part of the lower court in allowing the defendant to answer the complaint. The motion is addressed to the sound discretion of the trial judge and his ruling will not be disturbed absent a clear showing by the appellant of an abuse of discretion. This Court has held that an abuse of discretion arises in cases in which: (1) the judge issuing the order was controlled by some error of law; or (2) where the order, based upon factual, as distinguished from legal, conclusions, is without evidentiary support. *Rochester v. Holiday Magic, Inc.,* 253 S. C. 147, 169 S. E. (2d) 387 (1969); *Brown v. Weathers,* 251 S. C. 67, 160 S. E. (2d) 133 (1968); *Holliday v. Holliday,* 235 S. C. 246, 111 S. E. (2d) 205 (1959); *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391 (1957).

From the above recital of facts, it is apparent that the respondent has presented no factual or legal justification for its negligence. *See Ledford v. Pennsylvania Life Ins. Co.,* 267 S. C. 671, 230 S. E. (2d) 900 (1976). The affidavits submitted do not set forth the whereabouts of the suit papers from the time of service (June 3rd) to the time they were delivered to the attorney (August 3rd). The affidavits simply state that during such period it was "mistakenly assumed" that the suit had been turned over to the attorney. While the affidavits suggest that the proximity and similarity of the two suits created confusion, the appellant relevantly points out that the defendants were different corporations and the venues of the suits were in different counties. There is no evidence in this record which will support a finding of excusable neglect. While neglect is shown, it is not excusable neglect.

We find abuse of discretion on the part of the lower court in granting the motion of respondent.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.