## 20879

James Melvin HERRING, Respondent, v. CREDIT BUREAU OF COLUMBIA, Appellant.

(252 S. E. (2d) 123)

*E. Ellison Walker*, of *McKay, Sherrill, Walker & Townsend*, Columbia, *for appellant.*

*James Melvin Herring, pro se.*

February 7, 1979.

*Per Curiam:*

This appeal is from an *ex parte* order directing appellant, Credit Bureau of Columbia, to delete from its records any reference to three State tax liens paid by Respondent James Melvin Herring. We reverse.

The tax liens in dispute were dated February, 1975, and satisfied by Respondent in April 1975 and November 1976. Federal law permits a credit agency to report paid tax liens

for seven (7) years from their date of payment. Fair Credit Reporting Act 15 U. S. C. A. Section 1681 *et seq*. Appellant noted on its credit report that the liens had been paid, but Respondent succeeded, by *ex parte* order in having all reference to the liens deleted from appellant's records.

This issue has been addressed by this Court on two prior occasions where Respondent secured *ex parte* orders against credit information agencies. *See Herring v. Retail Credit Co.*, 266 S. C. 455, 224 S. E. (2d) 663 (1976); *Herring v. Credit Bureau of Columbia*, 269 S. C. 335, 237 S. E. (2d) 381 (1977). Here, as in the two previous cases, the record is devoid of any basis for the issuance of an *ex parte* order.

We have stated repeatedly that *ex parte* orders are reserved for those rare occasions where no adverse interest exists or where exigent circumstances dictate that action be taken prematurely. *Herring v. Retail Credit Co., supra*. Appellant clearly had an interest adverse to Respondent in reporting the existence of the tax liens. Moreover, there was no showing of exigency to warrant the issuance of an order without notice or an opportunity to be heard.

The order under appeal is therefore reversed and the case remanded for orderly disposition on the merits.