341 So.2d 1181 (1976)
C/M OF BATON ROUGE, INC.
v.
James A. WOOD and St. Paul Fire and Marine Insurance Company.
No. 10992.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
Rehearing Denied February 14, 1977.
Doris Gates Rankin, Baton Rouge, for plaintiff-appellant.
E. Kenneth Barnette, Baton Rouge, for defendants-appellees.
Before LANDRY, SARTAIN and CLABORNE, JJ.
SARTAIN, Judge.
Plaintiff-appellant, C/M of Baton Rouge, Inc., appeals a judgment of the trial court dismissing its suit against James A. Wood, plaintiff's former attorney, based on his alleged malpractice in representing the plaintiff.
The defendant, James A. Wood, was retained by the plaintiff, an employment agency, to file suit to collect fees allegedly due from Sandra L. Murray. Suit was filed on behalf of plaintiff, and on October 30, 1974, after trial of the matter, judgment was rendered against the plaintiff dismissing *1182 its suit. The judgment was signed on December 3, 1974.
The plaintiff authorized the defendant to appeal the adverse decision. Motion for appeal was filed on behalf of plaintiff on January 22, 1975, and the bond and return date were set. The bond was not posted, however, until March 21, 1975. This court dismissed the appeal because of the failure of the plaintiff to timely perfect the appeal. C/M of Baton Rouge v. Murray, 315 So.2d 336.
Assuming that the defendant was negligent in his failure to timely perfect the plaintiff's appeal, it is necessary to determine if the defendant's negligence caused any damage to the plaintiff for which the plaintiff could recover. Vessel v. St. Paul Fire and Marine Insurance Company, 276 So.2d 874 (La.App. 1st Cir. 1973); Toomer v. Breaux, 146 So.2d 723 (La.App. 3rd Cir. 1962). The plaintiff contends, first, that it was damaged to the extent that the defendant's negligence cost it an opportunity to appeal the adverse decision, which decision if reversed would have entitled plaintiff to judgment in its favor. If, however, the decision of the trial court in C/M of Baton Rouge, Inc. v. Murray is not reversible, then plaintiff was not damaged by the loss of the opportunity to appeal.
Sandra L. Murray and C/M of Baton Rouge, Inc. (C/M) entered into a written contract on January 4, 1971, whereby Ms. Murray was liable for a fee for any employment procured from a contact made through C/M. Ms. Murray was not sent on any interviews by C/M before she obtained employment with the Louisiana Department of Highways on her own initiative at the end of the same month. When later contacted by C/M, she informed them that she was no longer in need of their services.
In June, 1973, C/M contacted Ms. Murray with regard to a job with Tymshare, Inc. Upon being told by C/M that the fee was not to be paid by the employer, Ms. Murray told C/M that she was not interested in the job. C/M replied that the fee was negotiable, meaning that the employer might agree to pay part or all of the fee, and thereby persuaded her to interview with Tymshare. It is evident from the record that no clear agreement was reached as to who would be liable for the fee should Ms. Murray accept employment with Tymshare. Also, no new written contract was entered into between Ms. Murray and C/M prior to the interview with Tymshare. Ms. Murray, after several interviews, obtained employment with Tymshare in July of 1973 at a salary of $935 per month for the first three months and $850 per month, plus commissions, thereafter.
C/M contacted Ms. Murray in September of 1973 with regard to the fee allegedly due. Again, it is evident from the record that at this point some dispute still existed as to who was liable for the fee, the employer or the employee. After C/M's attempts to collect the fee were unsuccessful, it filed suit against Ms. Murray.
The trial judge noted in oral reasons that when a contract does not provide for a stated term during which the contract will be viable, a reasonable term is to be implied, depending upon the circumstances of the case. Louisiana Civil Code Article 2050. The 1971 contract had no stated term and no contact between the parties occurred again until 1973.
Relative to the applicability of the 1971 written contract to the employment with Tymshare in 1973, the trial court found that there was no intent on the part of the parties to apply the original contract and, in fact, found that the parties repudiated the old contract insofar as it applied to fees due based on any resumed contractual relationship. This finding by the trial court is supported by the record and is correct.
Having determined that the 1971 contract was not applicable, the trial court correctly noted that Louisiana R.S. 23:111 provides, in part:
"No employment agency shall charge or accept a fee unless in accordance with the terms of a written contract with an applicant. * * *"
Since the 1971 contract was no longer viable and since the parties did not enter into a *1183 new written contract, there was no written contract in effect. Therefore, under R.S. 23:111 the judgment in favor of Ms. Murray dismissing C/M's claim was correct.
Plaintiff also contends that some inherent damage results from the defendant's failure to timely perfect the appeal. In effect, plaintiff urges that it is entitled to damages because of disappointment sustained by the loss of its right to appeal. This suit for malpractice was submitted without testimony, and the only evidence offered by stipulation was the transcript of the original case. No testimony or other evidence supporting this alleged element of damages appears in the record. Therefore, since no damages of this nature have been proved, we can make no such award.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiff's claim is affirmed. The costs of this appeal are assessed to the appellant.
AFFIRMED.