(602 P.2d 542)
No. 50,768

RAYMOND H. DINGS, *Appellant,* v. JOHN CALLAHAN and RUSSEL N. BARRETT, *Appellees.*

Petition for review denied December 4, 1979.

Opinion filed November 9, 1979.

Fred W. Phelps, Jr., of Fred W. Phelps-Chartered, of Topeka, for appellant.

William Tinker, Jr., of McDonald, Tinker, Skaer, Quinn & Herrington, of Wichita, for appellees.

Before REES, P.J., ABBOTT and SPENCER, JJ.

REES, J.: Plaintiff appeals from an adverse summary judgment in a malpractice action against two lawyers, Callahan and Barrett. As the case comes before us, it is targeted at Barrett. There is no contention discovery was incomplete.

After representation by two other lawyers in a Cowley County divorce action brought by his ex-wife in 1972, plaintiff contacted Barrett in November, 1975. It appears there then remained as part of the property division issue the question of equal division of seventeen jointly owned tracts of real estate, each of which was subject to a contract for sale. Barrett was contacted for the purpose of representing plaintiff at a hearing to be held on January 30, 1976, regarding the judicial distribution between plaintiff and his ex-wife of the sellers' interests in the contracts. Callahan appeared for plaintiff at the hearing and we treat Callahan's appearance for plaintiff as having been on behalf of Barrett. The evidentiary hearing was recessed. With and without their clients present, counsel conferred concerning possible agreed distribution of the contracts. The hearing was adjourned upon the trial court being advised by counsel a settlement had been reached.

The direct evidence of record is that the trial judge was not informed of the proposed terms of settlement. Plaintiff is of the belief and alleges the judge was told the terms. Even if this were true, it is of no significance in view of our disposition.

Upon leaving the court house, Callahan and plaintiff discussed the proposed distribution and plaintiff objected vehemently. Thereafter the ex-wife's counsel prepared and forwarded a proposed journal entry that was not approved and returned or presented to the court. In March, Barrett filed a motion for further hearing. It came on for hearing on April 30. At that hearing, plaintiff testified in specific and complete detail with regard to the unpaid principal balance owed on each of the contracts and the gross amount of principal and interest to be received on each contract *assuming* no prepayment. Each contract permitted prepayment without penalty. It was and continues to be plaintiff's contention that neither the distribution proposed on January 30 nor the subsequently ordered distribution is an equal distribution because of a sizeable difference between the totals of the then computed amounts representing principal and interest to be received in the absence of prepayment and assuming full and complete payment by the purchasers.

The April hearing was concluded by the trial judge's request for submission of proposed findings of fact and conclusions of law. The ex-wife's counsel presented his position in this regard by a May 6 letter to the court. On May 29, Barrett and plaintiff conferred with respect to their proposed findings and conclusions; the meeting was discordant and resulted in a termination of their attorney-client relation. Seemingly using a draft prepared by Barrett, plaintiff prepared and submitted to the trial judge his proposed distribution. Plaintiff's May 31 transmittal letter to the judge referred to Barrett as his "former attorney" and the record in the case before us discloses with crystal clarity that from and after May 29 plaintiff understood that Barrett and he had no relationship as attorney and client and conducted himself accordingly.

On July 21, following receipt of the post-hearing letter from the ex-wife's counsel and plaintiff's suggested findings and conclusions, the trial judge in the divorce case entered his order of itemized distribution of the subject real property interests, the contracts; the judge promptly sent copies of the order to the ex-wife's counsel and to plaintiff personally; no copy was sent to Barrett and at no material time did he learn of the order. The ordered distribution was not and is not to plaintiff's liking; he views it as not substantially equal. Around the first of September,

1976, plaintiff conferred with and retained other counsel. Their effort to appeal was unsuccessful; the attempted appeal was dismissed by our Supreme Court as untimely.

The theory of the present action, alleged in both negligence and contract, is that Barrett not only failed to prosecute an appeal but that he did not advise plaintiff of the requirement that an appeal must be commenced within thirty days following the entry of the order sought to be reviewed. Within his various arguments, plaintiff contends that after May 29 Barrett had continuing professional responsibility to plaintiff because there was no court approved withdrawal of appearance by Barrett pursuant to Rule No. 117, (220 Kan. lx) and DR 2-110(A)(1) (220 Kan. cxvi).

It makes no difference whether the action is said to be for negligence or breach of contract; causally related damage is an essential element of the claim. We affirm the trial court on this single dispositive point.

An actionable claim against an attorney for professional malpractice asserting failure to prosecute an appeal or protect the client's rights to appeal from an unfavorable judgment or order requires proof that had a timely appeal been taken, a reversal or more favorable judgment would have resulted. *Chicago Red Top Cab Ass'n v. Gaines,* 49 Ill. App. 3d 332, 333-334, 364 N.E.2d 328 (1977); *C/M of Baton Rouge, Inc. v. Wood,* 341 So.2d 1181, 1182 (La. App. 1976); *Pusey v. Reed,* 258 A.2d 460, 461 (Del. Super. 1969); *Kilmer v. Carter,* 274 Cal. App. 2d 81, 82, 87-88, 78 Cal. Rptr. 800 (1969); *Pete v. Henderson,* 124 Cal. App. 2d 487, 491, 269 P.2d 78, 45 A.L.R.2d 58 (1954); *Bryant v. Seagraves,* 270 Or. 16, 18, 23, 526 P.2d 1027 (1974); 7 Am. Jur. 2d, Attorneys at Law § 172; 45 A.L.R.2d 5, § 22.

Plaintiff's complaint is that the distribution of the contracts ordered in the divorce action constituted an abuse of judicial discretion. Plaintiff's counsel correctly conceded at oral argument that the record fails to reflect a probability of appellate determination of abuse of discretion. Further, review of the record compels the conclusion that no possibility of an appellate finding of abuse of discretion is shown. Without unnecessarily extending this opinion by recitation of the particular facts, suffice it to say the distribution of the contracts proposed by plaintiff was an equal distribution; the ordered distribution was no less equal; and the ordered distribution is more favorable to plaintiff than his

ex-wife for the reason that plaintiff has greater access to higher interest return during a rising money market while each stands to lose equally during a falling money market.

We are mindful of the rules and principles applicable to appellate review of orders of summary judgment. They do not need to be recited again. There is no material dispute as to the discussed controlling issue. Summary judgment was proper. *Hiett v. Brier,* 2 Kan. App. 2d 610, 615, 586 P.2d 55, *rev. denied* 225 Kan. 844 (1978).

Affirmed.