Michael HYDUKE, Appellant,

v.

David A. GRANT, and Broeker, Hartfeldt, Hedges & Grant, a partnership, Respondents.

No. C9–83–2019.

Court of Appeals of Minnesota.

July 17, 1984.

**676**

Michael Hyduke, pro se.

Donna J. Blazevic, Bassford, Heckt, Lockhart & Mullin, P.A., Raymond E. Olson, MacIntosh & Commers, Minneapolis, for respondents.

Heard, considered, and decided by FOLEY, P.J., and RANDALL and SEDGWICK, JJ.

## OPINION

RANDALL, Judge.

Michael Hyduke brought this action against attorney David Grant and Grant's firm, Broeker, Hartfeldt, Hedges & Grant, alleging legal malpractice. The defendants counterclaimed for unpaid legal fees. After the district court granted the defendants' motions for summary judgment on the malpractice claim and their counterclaim, Hyduke appealed. We affirm.

## FACTS

Beginning in August, 1975, Grant and his firm ("lawyers") represented appellant in a wrongful discharge action against his former employer, where he had been employed as a "corporate communicator." At the close of that trial, the court entered a directed verdict against Hyduke. According to Hyduke, he asked the lawyers to file an appeal from that case, and they failed to do so. The lawyers denied he had requested an appeal, but, for purposes of the summary judgment motion in the malpractice action, assumed without conceding that Hyduke had directed them to appeal. The sole issue decided by the summary judgment was thus whether an appeal would have been successful. For purposes of the summary judgment motion on their counterclaim, the lawyers accepted Hyduke's statement of the amount he owed them.

In the wrongful discharge action, the trial court directed a verdict against Hyduke on several grounds. The court found that Hyduke was not covered by an employment contract or a collective bargaining agreement and that based on Hyduke's own testimony, Hyduke had been fired because of his failure to meet production deadlines which he himself had set. The court further found that, even if Minnesota recognized a cause of action for wrongful discharge in an "at-will" employment situation, the employer's actions were not so outrageous or abusive as to trigger it.

## ISSUE

I.

Assuming that the lawyers were negligent in failing to appeal the directed ver-

dict in Hyduke's wrongful discharge action, did the trial court err in entering summary judgment in favor of the lawyers on the legal malpractice claim?

## II.

Did the trial court err in entering summary judgment in favor of the lawyers on their counterclaim for attorney fees?

## ANALYSIS

### I.

Legal malpractice claim:

 *Scope of review:* On an appeal from summary judgment, a reviewing court is limited to a determination of whether any genuine issues of material fact existed which should have been determined by a jury and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328 (Minn.1979). In addition, a reviewing court may not, ordinarily, consider issues not considered by the trial court. *Thayer v. American Financial Advisers,* 322 N.W.2d 599 (Minn.1982). There are exceptions to this rule, as the appellant pointed out in his reply brief, but such exceptions are made only in cases where to decline to review would work an injustice or infringe upon a constitutional right. *See e.g., Singleton v. Wulff,* 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (whether question raised for first time on appeal may be decided is left to the discretion of the appeals court, and is proper where the outcome is beyond doubt or where injustice might otherwise result).

██ *Elements of malpractice:* The Minnesota Supreme Court set forth the elements of a legal malpractice claim in *Blue Water Corp., Inc. v. O'Toole,* 336 N.W.2d 279, 281 (Minn.1983). One claiming attorney malpractice must show (1) the existence of an attorney-client relationship, (2) acts constituting negligence or a breach of contract, (3) that those acts were the proximate cause of the plaintiff's damages, and (4) that *but for* the attorney's negligence, the plaintiff would have been successful in the prosecution or defense of the action. Here, Hyduke must show that appeal from the verdict in his wrongful discharge action would have resulted either in outright reversal or in a new trial. If he shows that a new trial would have been ordered, he must show that the new trial would probably have been successful.

The lawyers cite three out-of-state cases (*Stafford v. Garrett,* 46 Or.App. 781, 613 P.2d 99 (1980); *Dings v. Callahan,* 4 Kan. App.2d 36, 602 P.2d 542 (1979); and *Croce v. Sanchez,* 256 Cal.App.2d 680, 64 Cal. Rptr. 448 (1967)) for the proposition that whether an appeal would have been successful is a question of law and may thus be determined by the court on a summary judgment motion. The Minnesota Supreme Court has not ruled on the question, but such is the logical position. A court is qualified, in a way a jury is not, to determine the merits and the probable outcome of an appeal.

██ *Wrongful discharge:* In an employment-at-will situation, the Minnesota Supreme Court still recognizes the rule set forth in *Cederstrand v. Lutheran Brotherhood,* 263 Minn. 520, 117 N.W.2d 213 (1962), that an employee may be discharged for any reason or for no reason at all. Absent any form of prohibited discrimination, any union contract, or any employment contract allowing termination only for specific reasons or "for cause," continued employment is at the whim of the employer. Other jurisdictions have recognized a right of action for at-will employees who are terminated when the circumstances are "extraordinary" or when the employer's conduct has been "abusive" or "outrageous." For Hyduke's appeal to succeed, our Supreme Court would have to overrule *Cederstrand* and adopt the minority view, *and* find that Hyduke's claims against his former employer demonstrated abusive or outrageous conduct on the part of the employer. Even if the Supreme Court would have been willing to overrule its longstanding position on termination of at-will employment, the transcript of the

trial does not reveal any evidence of bad faith or outrageous conduct on the part of the employer. Hyduke's claim of overwork does not rise to that level.

*Trial errors:* Hyduke alleges that, had an appeal been perfected from the directed verdict in his wrongful discharge action, he would have been entitled to a new trial because the trial court erred in excluding expert testimony offered by him and in excluding, as irrelevant, evidence of the employer's subsequent actions regarding Hyduke's department after he was terminated. We disagree. It is unlikely a new trial would have been granted. First, whether to admit expert testimony is a question within the trial court's discretion. *Dunshee v. Douglas*, 255 N.W.2d 42 (Minn. 1977); *Walton v. Jones*, 286 N.W.2d 710 (Minn.1979). It is up to the trial court to determine whether expert testimony "will assist the trier of fact to understand the evidence or to determine facts in issue." Rule 702, Minn.R.Evid.; Committee Comment to Rule 702. The trial court determined, first, that whether Hyduke's workload was excessive was not a question the jury needed help in determining and, second, that the expert's opinion—contained in a deposition which the plaintiff proposed to read into the record—was inadmissible because it was the answer to a hypothetical question which did not fit the facts elicited at trial. The court's discretionary exclusion of the expert's opinion was not error.

The trial court's exclusion of testimony about the employer's reorganization of Hyduke's department after his termination was not error. The trial court ruled that such testimony—which Hyduke says would have shown that the company realized the truth of his claims of overwork—was irrelevant. The employer had conceded the overall quality of Hyduke's work, and claimed Hyduke was fired for missing deadlines he himself had set. In that context, the trial court's excluding such evidence is not error.

In addition, different rulings on either of these evidentiary rulings would not have established that the employer's conduct was so abusive or outrageous as to give rise to a claim for wrongful discharge even if Minnesota did recognize such a claim. Other trial errors which Hyduke asserts in his brief were not raised before the court below. If they had been, claims such as "the trial court was biased against challenges to common law," are without merit. Hyduke's claim that the trial court was biased because he was acquainted with Hyduke's former boss, even if true, would not be grounds for granting a new trial since the judge disclosed the fact and offered to remove himself. There is no indication of bias in the transcript of the trial.

## II.
Counterclaim for attorney fees:

■ Hyduke raised no defenses to the lawyers' counterclaim for attorney fees. He did not raise the issue of excessiveness until this appeal. He did not complain of the size of the lawyers' fees, even though billed monthly, during the time he was represented by the lawyers. There was no genuine issue of fact as to the existence or size of the debt, and thus summary judgment was proper.

## DECISION
Hyduke failed to show the likelihood of prevailing on an appeal from the verdict against him in his wrongful discharge action, and thus failed to establish a necessary element of a legal malpractice claim. There were no issues of material fact remaining to be determined in the lawyers' counterclaim for fees.

Affirmed.