22244

Jesse J. FLOYD, Appellant, v. J. Means McFADDEN, By his Guardian *ad Litem*, David W. ROBINSON, II, Respondent.

(327 S. E. (2d) 73)

Supreme Court

*George M. Lee, Jr.*, and *Harold L. Swafford*, Columbia, *for appellant.*

*James W. Alford*, of *Barnes, Alford, Stork & Johnson*, Columbia, *for respondent.*

Heard Jan. 22, 1985.

Decided Feb. 21, 1985.

*Per Curiam:*

The appellant Jesse J. Floyd was served with a Summons and Complaint alleging medical malpractice. He sent the papers to his personal attorney and the respondent attorney, J. Means McFadden, who was retained to represent him by the insurance company. The suit was dismissed by the County Court for lack of jurisdiction. An identical suit was brought in the Court of Common Pleas and a default judgment entered against the appellant. No papers from the second suit were ever sent to the respondent.

The appellant initiated this action against the respondent alleging breach of employment contract, breach of fiduciary

duty, and legal malpractice. He asserts that the respondent improperly failed to inform him that the county suit was dismissed and he should be looking for additional suit papers.

The trial judge properly rendered summary judgment for the respondent because the appellant maintains by Affidavit and deposition that he was never served with the second suit papers. Therefore, any breach of duty by the respondent was not the proximate cause of the appellant's injury.

The judgment below is, accordingly,

Affirmed.

GREGORY, Justice (concurring):

I adhere to the dissent in *Stewart v. Floyd,* 274 S. C. 437, 265 S. E. (2d) 254 (1980). Notwithstanding my position in *Stewart,* I agree with the majority insofar as there was a lack of proximate cause since the appellant has consistently denied receiving the second summons and complaint. I would dispute, however, any suggestion that there was no duty to inform appellant of the first suit's dismissal, and the possible consequences of the dismissal.