0451

Jesse J. FLOYD, Appellant, v. George C. KOSKO, Respondent.
(329 S. E. (2d) 459)

Court of Appeals

*George M. Lee, Jr.,* and *Harold L. Swafford,* Columbia, *for appellant.*

*Wilburn Brewer, Jr.,* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for respondent.*

Argued Feb. 26, 1985.

Decided April 25, 1985.

*Per Curiam:*

Appellant Jesse J. Floyd sued his personal attorney, respondent George C. Kosko, for breach of contract, negligence and professional malpractice.[1] The trial court granted Kosko's motion for summary judgment. We affirm.

This is a companion case to *Floyd v. McFadden,* 327 S. E. (2d) 73 (S. C. 1985). Floyd was sued in 1976 by the survivors of Nancy J. Stewart in a medical malpractice action. He forwarded the suit papers to both Kosko and his malpractice insurance carrier's attorney, J. Means McFadden. The Stewart suit was commenced in the wrong court.[2] After a conversation between McFadden and Stewart's attorney, the suit was dismissed and this information was relayed to Kosko. Kosko failed to inform Floyd of the

---

[1] We discern no difference in the latter two causes of action.

[2] Stewart's prayer for damages exceeded the jurisdictional limits of the county court.

dismissal. Meanwhile, Stewart served Floyd with other suit papers which were filed in the proper court.[3] Floyd did not forward the second suit papers to either Kosko or McFadden and a default judgment was entered against him. Floyd then moved to vacate the default judgment on the ground that he had not been served with the second set of papers. The motion was denied by order of the Honorable Owens T. Cobb dated October 13, 1977. An appeal from that order was filed but not perfected.

Floyd then moved under South Carolina Code Section 15-27-130 to set aside the default based on mistake, excusable neglect and inadvertence. This motion was also denied. Floyd appealed the denial of his motion to the South Carolina Supreme Court which affirmed in *Stewart v. Floyd*, 274 S. C. 437, 265 S. E. (2d) 254 (1980). Floyd now sues Kosko claiming first, that Kosko was negligent in not keeping him informed of the dismissal of the first suit, specifically in not advising him to expect service of a second set of suit papers, and second, that Kosko was negligent in not perfecting an appeal of the trial court's refusal to vacate the default judgment based on the failure to serve him with the pleadings.

In *Floyd v. McFadden, supra,* the South Carolina ■ Supreme Court affirmed on similar facts the trial judge's order of summary judgment for McFadden. The Court held that since Floyd "maintain[ed] by affidavit and deposition that he was never served with the second suit papers," any breach of duty by McFadden was not the proximate cause of Floyd's injury. We discern no difference in the effect of McFadden's failure to keep Floyd informed and Kosko's failure to do the same. We therefore hold that *Floyd v. McFadden, supra,* is dispositive of the issue of whether Kosko was negligent in failing to keep Floyd informed of the status of the first suit and in failing to advise him to expect

---

[3] Floyd denies receipt of these suit papers but is estopped to take this position because the Supreme Court in *Stewart v. Floyd*, 274 S. C. 437, 265 S. E. (2d) 254 (1980), affirmed the trial court which implicitly held that he had been served. Moreover, Floyd took the position in that appeal that he should be excused from having failed to answer because the second pleadings were so similar to the first that he failed to appreciate the fact that he had been served in a second lawsuit.

additional pleadings. Summary judgment was properly entered on these issues.

We now turn to the question of whether Kosko was negligent in not perfecting an appeal of Judge Cobb's order refusing to vacate the default judgment. An attorney who undertakes the representation of a client in a cause impliedly agrees to see the case through to its termination and is not at liberty to abandon it without reasonable cause. *Graham v. Town of Loris*, 272 S. C. 442, 248 S. E. (2d) 594 (1978); *Perkins v. Sykes*, 233 N. C. 147, 63 S. E. (2d) 133 (1951). Nevertheless, an attorney is not liable where notwithstanding his negligence in defense of a suit, the client had no meritorious defense to the suit in the first place. *Masters v. Dunstan*, 256 N. C. 520, 124 S. E. (2d) 574 (1962). Several jurisdictions have held that an attorney will not be held guilty of negligence or malpractice for failure to file an appeal in a case if a review of the record in that case demonstrates that an appeal in the case would not have been successful. *Sola v. Clostermann*, 67 Or. App. 468, 679 P. (2d) 317 (1984), *amended*, 68 Or. App. 381, 681 P. (2d) 178 (1984), *review denied*, 685 P. (2d) 997 (1984); *Hyduke v. Grant*, 351 N.W. (2d) 675 (Minn. App. 1984); *Burk v. Burzynski*, 672 P. (2d) 419 (Wyo. 1983); *Nelson v. Appalachian Ins. Co. of Providence*, 399 So. (2d) 711 (La. App. 1981); *Dings v. Callahan*, 4 Kan. App. (2d) 36, 602 P. (2d) 542 (1979); *see also* 7A C.J.S. *Attorney and Client* Sections 258, 260 (1980); Mallen and Levit, *Legal Malpractice* Section 583, p. 738 (2d ed. 1981). We hold that in order for Floyd to recover he must show that an appeal of Judge Cobb's order refusing to vacate the default judgment most probably would have been successful.

In determining whether the appeal would have been successful, the trial court examined the merits of the appeal and found that there was no evidence to establish "a question of fact as to the alleged negligent failure to appeal." Its decision was based on the case of *Laurens Trust Co. v. Copeland*, 154 S. C. 390, 151 S. E. 617 (1930). There the Supreme Court, in deciding the precise question here involved, observed that the proceeding under review was an action at law and its scope of review as limited to a consideration of whether there was *any* evidence to support the trial judge's finding of service of process. (emphasis added). *Ac-*

*cord, Richardson Construction Co. v. Meek Engineering and Construction, Inc.,* 274 S. C. 307, 262 S. E. (2d) 913 (1980). In the instant case, the trial court properly put itself in the position of the appellate court[4] and determined, based on the testimony of the process server, that there was evidence to support Judge Cobb's finding of service on Floyd.[5] Thus, there was no factual dispute regarding the merits of the appeal and Kosko was entitled to summary judgment as a matter of law.

We find no error in the trial judge's ruling regarding the lack of a factual dispute. Furthermore, we hold that the question of whether the appeal would have been successful had the appeal been heard is in this instance a question of law and may be decided on motion for summary judgment. *Katsaris v. Scelsi,* 115 Misc. (2d) 115, 453 N. Y. S. (2d) 994 (1982); *Hyduke v. Grant, supra; Stafford v. Garrett,* 46 Or. App. 781, 613 P. (2d) 99 (1980); *Dings v. Callahan, supra; Croce v. Sanchez,* 256 Cal. App. (2d) 680, 64 Cal. Rptr. 448 (1967).

Finding no error in the granting of summary judgment, the order appealed is

Affirmed.

---

[4] While not decided by our Supreme Court, the general law appears to be that a trial court placed in the posture of the appellate court should consider the merits of the appeal in the same fashion the appellate court would have considered it if the appeal had been heard in due course. *Katsaris v. Scelsi, supra;* Mallen and Levit, *Legal Malpractice* Section 583, p. 738 (2d ed. 1981).

[5] The process server testified she personally served Floyd.