**J & W ENTERPRISES, INC., Plaintiff,**

v.

**ECONOMY SALES, INC., d/b/a Unclaimed Freight of Owatonna Minnesota, defendant and third-party plaintiff, Appellant,**

v.

**BADGER–POWHATAN, A DIVISION OF AMERICAN LA FRANCE, third-party defendant, Respondent.**

**No. C6–91–2461.**

Court of Appeals of Minnesota.

June 23, 1992.

James R. Carlson, Robert B. Spelhaug, Muir, Heuel, Carlson & Spelhaug, P.A., Rochester, for appellant.

Eric J. Magnuson, Robert B. Jaskowiak, Louise A. Dovre, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered and decided by CRIPPEN, and SCHUMACHER and FOLEY,* JJ.

## OPINION

SCHUMACHER, Judge.

J & W Enterprises, Inc. brought an action against appellant Economy Sales, Inc., d/b/a Unclaimed Freight of Owatonna Minnesota. Appellant thereafter brought a third-party action against respondent Badg-

---

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI, § 2.

er–Powhatan, a Division of American La France. Appellant settled J & W Enterprise's claim and the trial court granted summary judgment in favor of respondent on the third-party action. This appeal was taken from the trial court's grant of summary judgment in favor of respondent. We affirm.

## FACTS

This case concerns the liability of a manufacturer of a fire extinguisher for fire damage caused when the extinguisher failed to operate. Appellant leased a commercial building from J & W Enterprises. Gordon Born, one of appellant's employees, started a fire in the building while using a cutting torch in a spray paint booth.

A fire extinguisher manufactured by respondent was nearby as Born worked to remove the booth, and he used it two or three times to put out small fires. Born did not service or recharge the fire extinguisher after using it, however. When the last fire started, the extinguisher did not work and the fire burned out of control and destroyed the building.

The fire extinguisher was manufactured by respondent in December 1974. At the time respondent sold it, a metal collar attached to it warned, "IMMEDIATELY RECHARGE AFTER USE." Also attached to the extinguisher was a pressure gauge to indicate the amount of pressure the extinguisher contained. Additionally, when respondent first sold the extinguisher, it provided the buyer with an owner's manual. The manual warned:

> Have the fire extinguisher recharged or replaced *immediately* after any use. Even a momentary discharge will result in a loss of pressure and/or agent. A partially used extinguisher is an empty extinguisher.

After J & W Enterprises sued appellant for negligence, appellant brought a third-party action against respondent claiming that the fire extinguisher it manufactured was defective, unreasonably dangerous and had an inadequate warning.

1. Although a claim of warning inadequacy can

Born testified in his deposition that he checked the pressure gauge before he started working in the morning, and that the needle was straight up indicating it was full. He said that, in addition to using the extinguisher on the first two or three fires, he also doused the interior of the paint booth with a short blast from the extinguisher to prevent a fire.

Born also testified that there were labels on the extinguisher indicating when it was inspected and what kind of fires the extinguisher would put out. He testified that the extinguisher would put out chemical, petroleum, and electrical fires. He also testified that he was unable to recall seeing any warnings on the extinguisher.

The trial court found that appellant failed to provide evidence that the extinguisher was defective or unreasonably dangerous, or that Born read or in some manner relied on the warning. Therefore, the trial court granted summary judgment. Appellant's only argument on appeal is that the trial court erred in granting summary judgment on the adequacy of the warning issue.

## ISSUE

Did the trial court err in concluding that, since appellant had not relied on the warning, the adequacy of the warning was not in issue?

## ANALYSIS

In reviewing a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988).

Appellant does not dispute the fact that attached to the fire extinguisher was a warning which read: "RECHARGE IMMEDIATELY AFTER USE", or the fact that Born did not recall reading the warning. Appellant argues that the warning was inadequate in that it did not instruct the user to recharge after *any* use.[1] Appellant also

be based on an allegation that the warning was

contends that the adequacy of a warning is a jury question which precludes summary judgment.

The trial court, citing *Dosdall v. Smith*, 415 N.W.2d 332 (Minn.App.1987), agreed that the adequacy of a warning is a jury question but concluded that this would become an issue only if Born had read or relied in any way on the warning. Since the facts are undisputed, this court must determine whether the trial court correctly applied the law or whether it should have reached the issue of the adequacy of the warning. *See A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

Although there is no Minnesota case which specifically holds that the adequacy of a warning cannot be reviewed without a showing of reliance on the warning, the Eighth Circuit Court of Appeals has held that "an issue as to the adequacy of a warning necessarily presupposes that the operator has read the warning." *Johnson v. Niagara Mach. & Tool Works*, 666 F.2d 1223, 1225 (8th Cir.1981). Likewise, the Restatement of Torts provides:

> Where warning is given, *the seller may reasonably assume that it will be read and heeded;* and a product bearing such a warning, which is safe for use if it is

followed, is not in defective condition, nor is it unreasonably dangerous.

Restatement (Second) of Torts § 402A, cmt. j (1965) (emphasis added). Moreover, "[i]n any theory of products liability, the plaintiff must show a causal link between the alleged defect and the injury." *Rients v. International Harvester Co.*, 346 N.W.2d 359, 362 (Minn.App.1984).

Born testified that he did not remember reading a warning on the fire extinguisher, and the parties do not dispute this fact. Absent a reading of the warning, there is no causal link between the alleged defect and the injury. We conclude the trial court properly granted summary judgment.

## DECISION

Because there was no evidence that appellant relied on the warning, the adequacy of the warning was not at issue and the trial court properly granted summary judgment in favor of respondent.

Affirmed.

not conspicuous enough, appellant did not raise this argument in the trial court or on appeal.