*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0949**

Patrick Brinkman,
Appellant,

vs.

Stephen M. Thompson, et al.,
Respondents.

**Filed January 11, 2016
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-CV-14-15411

Patrick Brinkman, Somerset, Wisconsin (pro se appellant)

Kay Nord Hunt, Phillip A. Cole, Lommen Abdo, P.A., Minneapolis, Minnesota (for respondents)

        Considered and decided by Connolly, Presiding Judge; Johnson, Judge; and Harten, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**CONNOLLY**, Judge

Appellant challenges the dismissal of his legal-malpractice claims arising out of unsuccessful employment-discrimination litigation. Because we see no error in the dismissal of appellant's amended complaint, we affirm.

## FACTS

On October 5, 2005, Andersen Corporation (Andersen) outsourced its computer help-desk function. Appellant Patrick Brinkman was one of 47 Andersen employees whose jobs disappeared; 20 of them found other jobs at Andersen, but the rest, including appellant, were terminated. In November 2006, appellant, acting pro se, filed a complaint in federal district court against Andersen, alleging claims of age and sex discrimination and retaliation.[1] In February 2007, appellant retained respondent attorney Stephen Thompson, of respondent Friederichs & Thompson, P.A., to represent him in the lawsuit.

Andersen moved for summary judgment dismissing appellant's claims; respondents opposed the motion with a lengthy memorandum. In *Brinkman v. Andersen Corp.*, No. 06-CV-04530-JRT-FLN (D. Minn. Sept. 2, 2008), a memorandum opinion, (*Brinkman*), the federal district court granted Andersen's motion for summary judgment and dismissed appellant's claims with prejudice. Appellant told respondents he wanted to appeal the summary judgment, but respondents missed the deadline for filing an appeal in federal court.

---

[1] Appellant had previously filed these claims with the Equal Employment Opportunity Commission, which found no support for them.

2

In 2014, appellant served a complaint in state court alleging legal malpractice against respondents. They moved to dismiss the complaint on the grounds that appellant (1) failed to plead mistake with particularity or to serve an affidavit of expert review under Minn. Stat. § 544.42 (2014) and (2) pleaded breach of fiduciary duty without a statement of a claim. Alternatively, respondents moved for summary judgment on the ground that *Brinkman* was correct as a matter of law and they had no evidence that controverted its holdings.

Appellant then filed an amended complaint, alleging that the holdings in *Brinkman* were unsupported or contradicted by his evidence and that the *Brinkman* complaint, which appellant drafted himself, did not adequately present the facts. Respondents moved to dismiss the amended complaint or, in the alternative, for summary judgment.

At the hearing on respondents' motion, the district court asked the parties to brief two issues: (1) what evidence, in the record or available through discovery, would have allowed the federal district court to find a genuine issue of material fact as to whether Andersen's decision to outsource its help desk was motivated by animus against appellant; and (2) whether the law in 2008 supported *Brinkman's* conclusions that Andersen's monitoring of appellant's computer use and putting him on paid administrative leave were not adverse employment actions.

After these issues had been briefed, the district court issued an order granting respondents' motion to dismiss and dismissing appellant's amended complaint with prejudice.

Appellant, pro se, now argues that the district court erred in dismissing his amended complaint.

**D E C I S I O N**

A successful legal-malpractice claim requires showing that: (1) an attorney-client relationship existed; (2) the attorney's acts constituted negligence or breach of contract; (3) those acts caused the client's damages, and (4) but for the attorney's acts, the client would have been successful in the prosecution of his action. *Noske v. Friedberg*, 713 N.W.2d 866, 873 (Minn. App. 2006), *review denied* (Minn. July 19, 2006). The only disputed element here is the fourth: whether appellant would have been successful in his appeal of *Brinkman* to the U.S. Eighth Circuit Court of Appeals. But "[f]ailure to establish any one of these elements defeats the entire claim." *Noske v. Friedberg*, 670 N.W.2d 740, 743 (Minn. 2003). Whether an appeal would have been successful is a question of law and is reviewed de novo. *See Hyduke v. Grant*, 351 N.W.2d 675, 677 (Minn. App. 1984) ("A court is qualified, in a way a jury is not, to determine the merits and the probable outcome of an appeal."), *review denied* (Minn. Oct. 16, 1994).

Appellant's argument is that both the federal district court in *Brinkman* and the district court in his malpractice action "got key facts wrong." Appellant claims that his last date of employment is "a critical, disputed issue of material fact." But appellant agrees that, like all the Andersen employees whose positions were terminated by the outsourcing, he was paid until October 5, 2005: the only difference is that he was not required to work on September 30 or October 3-4. Moreover, in his original complaint, appellant himself said he was "terminated in October of 2005." On cross-examination, Andersen's senior

4

vice president of human resources was asked by appellant's counsel, "[The] decision to end [appellant's] employment with Andersen prior to the 10/5 end date was a decision that was made by Andersen, correct?" and answered, "[H]is employment did end 10/5, and he was paid during that time as [Andersen was] committed to. What he wasn't required to do was to come to work every day." Thus, there is support for the finding in *Brinkman* that appellant, like 26 other employees who did not find other jobs at Andersen, was terminated on October 5, 2005, when Andersen outsourced its help-desk function. Appellant does not explain what evidence could have shown that this was a question of material fact or that the finding in *Brinkman* was wrong.

Appellant's challenges to the district court's decision are based on the supposition that his own statements are undisputed evidence. For example, he claims that Andersen said he "was terminated due to security breaches, behavioral issues and interfering with the company's effort to monitor" his computer use. But appellant provides no indication in the record of where any Andersen representative said this, and the testimony of Andersen representatives contradicts it. As the district court concluded, appellant provided no evidence to suggest that *Brinkman* could or would have been reversed on appeal. Therefore, appellant cannot make a prima facie case of legal malpractice. *See Noske*, 713 N.W.2d at 873 (providing that an essential element of a malpractice claim is a showing that, but for the attorney's act, the client would have prevailed).

**Affirmed.**

5